UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK,<br><br>                Plaintiff,<br><br>v.<br><br>BYRON LYNN WINMILL,<br><br>                Defendant. | Case No. 1:25-cv-00043-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lacey Sivak's initial pleading[1] in this action because of Plaintiff's status as an inmate, his in forma pauperis request, and his accumulation of three strikes for having filed frivolous actions in the past. *See* 28 U.S.C. §§ 1915(e) and (g), 1915A(b). A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed.

Before screening Plaintiff's pleading, the Court must review Plaintiff's request for recusal.

**1.    Plaintiff's Request for Recusal**

Plaintiff has filed a "Notice to Disqualify David C. Nye for Bias," Dkt. 5, which is, in substance, a motion for recusal of the undersigned judge. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28

---

[1] The caption of the pleading reads, "In the Matter of the Criminal Complaint on Byron [sic] Lynn Winmill" and does not identify the parties. Therefore, the Court has realigned the parties to identify Sivak as the Plaintiff and Judge Winmill as the Defendant. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156 (9th Cir. 2012) ("Federal courts have broad authority to look beyond the pleadings[] and arrange—or realign—the parties according to their sides in the dispute.") (internal quotation marks and alterations omitted).

U.S.C. § 455(a).

Additionally, the Due Process Clause requires recusal if a judge harbors an actual bias or if "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). In analyzing whether there is an "unconstitutional potential for bias," the question is "whether, as an objective matter, the average judge in his position is likely to be neutral." *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (internal quotation marks omitted).

Plaintiff states that Jeff Nye, the undersigned's son, "works for the Idaho Attorney General's Office and … is involved in representing the State" in several of Plaintiff's other cases. Dkt. 5 at 4. Plaintiff also contends disqualification is required because Plaintiff named the undersigned as a defendant in other cases and has filed judicial misconduct complaints against the undersigned. *Id*. at 4–6. Finally, Plaintiff claims that the undersigned is biased because the defendant in this case, Judge B. Lynn Winmill, is another district judge for the U.S. District Court for the District of Idaho. *Id*.

The Court concludes Plaintiff has not shown that the undersigned has an actual bias, that the undersigned's impartiality might reasonably be questioned, or that the risk of actual bias is so high as to violate the Due Process Clause.

Plaintiff includes no specific facts to support a conclusion that recusal is warranted. The undersigned routinely recuses himself in cases where Jeff Nye is "acting as the lawyer" in the very case before the Court. Recusal in such cases is governed by 28 U.S.C. § 455(b)(5)(ii). However, that a judge's son is representing a party in other cases not before that judge does not require recusal unless the party seeking recusal can show actual bias or

an unconstitutional potential for bias, which Plaintiff has failed to do.

Nor has Plaintiff shown that disqualification is necessary based on Plaintiff's complaints against the undersigned in other cases or based on the fact that Judge Winmill is the defendant in this case. Plaintiff is a frequent litigator who routinely names Idaho's district judges as defendants. If the mere fact of being sued in a different case were sufficient to require recusal, no judge in this Court could preside over any of Plaintiff's cases. *Cf. Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2015) (adopting the "rule of necessity," which holds that, in a case where a litigant sues all the judges of a district court, a judge need not recuse himself simply because he is identified or named in the lawsuit; disqualification is not required even though it might be possible to find an Article III judge "somewhere in the country" who is not named in the suit). For the foregoing reasons, the Court will deny Plaintiff's request for recusal.

**2.      Review of Plaintiff's Initial Pleading**

The Court now turns to the initial review of Plaintiff's pleading and must determine whether it, or any of the claims contained therein should be summarily dismissed under §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court will dismiss this case with prejudice as frivolous.

*A.      Screening Requirement*

All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A complaint is frivolous if it has "no basis in law or fact." *Andrews v. King*,

398 F.3d 1113, 1121 (9th Cir. 2005).

### B.  Discussion

Plaintiff's "Criminal Complaint" is frivolous. The Complaint attempts to assert a criminal charge against Judge Winmill.

However, the Court has warned Plaintiff on many occasions that, as a private citizen, he cannot institute a federal criminal action. *See, e.g., Sivak v. Clerk of Court*, No. 1:24-cv-00030-AKB, 2024 WL 1194460, at *2 (D. Idaho March 20, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00021-DCN, 2024 WL 380880, at *2 (D. Idaho Feb. 1, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00020-BLW (D. Idaho Feb. 4, 2024); *Sivak v. Docket Clerk*, No. 1:24-cv-00019-BLW, 2024 WL 1071944, at *2 (D. Idaho Mar. 12, 2024); *Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2 (D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016); *Sivak v. Nye*, No. 1:24-cv-00193-BLW (D. Idaho June 26, 2024). As a result, Plaintiff is well aware that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and that there is no individual right "to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987).

In this action, Plaintiff attempts to assert criminal claims. As Plaintiff has been informed numerous times, such claims have no basis in law or fact and are therefore

frivolous.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's motion for recusal (Dkt. 5) is DENIED.

2. Plaintiff's Complaint is DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915 & 1915A.

3. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 3) is DENIED.

DATED: May 22, 2025

David C. Nye
Chief U.S. District Court Judge